UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____x
SUSAN RICE, an individual,

                Plaintiff,

vs.

AFNI, INC., an Illinois Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 10,

                Defendants.
_____x

CASE NO.:

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

CV11-3132

DEMAND FOR JURY TRIAL

WEXLER, J.
TOMLINSON, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 30 2011 ★
BROOKLYN OFFICE

## I. PRELIMINARY STATEMENT

1.    Plaintiff, SUSAN RICE ("Plaintiff" or "RICE"), brings this action for the illegal practices of the Defendant AFNI, INC. ("AFNI") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff.

2.    The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

3. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

4. To regulate the types of communications by debt collectors the FDCPA, at 15 U.S.C. § 1692c(c), provides that if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except under certain enumerated circumstances.

5. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations prohibited by that section are: causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, 15 U.S.C. § 1692d(5).

6. The Plaintiff seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

7. SUSAN RICE is a natural person.

8. At all times relevant to this complaint, SUSAN RICE was a citizen of, and resided

in, the Hamlet of Port Washington, Nassau County, New York.

9. At all times relevant to this complaint, AFNI is an Illinois Corporation, which is registered as a foreign business entity in the State of New York, and whose principal place of business is located at 404 Block Drive, Bloomington, Illinois.

10. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 10, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

11. The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 10, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of AFNI that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by AFNI and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III. JURISDICTION & VENUE

12. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

13. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because AFNI regularly transacts business within this federal judicial district and, therefore, resides in the State of New York within the meaning of 28 U.S.C. § 1391(b) and (c).

## IV. FACTS REGARDING PLAINTIFF

14. Sometime prior to April 22, 2011, RICE allegedly incurred a financial obligation to Verizon New York, Inc. ("Rice Obligation").

15. The Rice Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16. AFNI contends that the Rice Obligation is in default.

17. The alleged Rice Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

18. RICE is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

19. RICE is informed and believes, and on that basis alleges, that sometime prior to April 22, 2011, the creditor of the Rice Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to AFNI for collection.

20. AFNI collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

21. AFNI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

22. Within the one year immediately preceding the filing of this complaint, AFNI contacted RICE on multiple occasions via telephone in an attempt to collect the alleged Rice Obligation.

23. Plaintiff began receiving multiple telephone calls from AFNI, wherein AFNI left several lengthy pre-recorded telephonic voice messages requesting a return call.

24. One telephone call was placed on April 22, 2011 and a message was left requesting a call back. Then on April 27 and 29, 2011 multiple calls were placed by AFNI to RICE where messages were left requesting that RICE call them back.

25. On May 11, 2011 RICE sent a registered letter to AFNI, which was dated May 10, 2011, and which clearly stated that she "dispute[s] this debt and want[s] no further contact from [AFNI]." ("5/10/11 Letter").

26. The United States Postal Service confirmed that AFNI received the 5/10/11 Letter on May 16, 2011, as evidenced by the "Track & Confirm" sheet attached hereto as ***Exhibit A***.

27. Notwithstanding Plaintiff's express written request that all communication cease, AFNI continued its efforts to collect the Rice Obligation by sending RICE a new collection letter dated May 23, 2011 ("5/23/11 Letter").

28. The 5/23/11 Letter states that it is from a debt collector and is an attempt to collect a debt.

29. The 5/23/11 Letter further instructed RICE make a check payable to "Afni, Inc." for the total amount of Rice Obligation and return the payment, along with a portion of the 5/23/11 Letter, to AFNI.

## V. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

30. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

31. Defendant violated the FDCPA by failing to cease all communication with Plaintiff concerning the Rice Obligation after receiving notification that the Plaintiff wanted AFNI to cease all communication with Plaintiff, which constitutes a violation of 15 U.S.C.

§1692c(c).

## VI. PRAYER FOR RELIEF

32. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor as follows:

A. **For the FIRST CAUSE OF ACTION:**

    (a) An award of the maximum statutory damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    (b) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

    (c) For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:    Fresh Meadows, New York
             June 24, 2011

                                                  WILLIAM F. HORN, ESQ. (WH-1070)
                                                  Law Office of William F. Horn
                                                  188-01B 71st Crescent
                                                  Fresh Meadows, NY 11365
                                                  Telephone: (718) 785-0543
                                                  Facsimile: (866) 596-9003
                                                  E-Mail: bill@wfhlegal.com

                                                  *Attorney for Plaintiff Susan Rice*

# EXHIBIT "A"


**UNITED STATES POSTAL SERVICE®**

Home | Help | Sign In

Track & Confirm     FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: **0311 0240 0000 3387 9702**
Expected Delivery Date: **May 13, 2011**
Class: **Priority Mail®**
Service(s): **Delivery Confirmation™**
Status: **Delivered**

Your item was delivered at 8:47 am on May 16, 2011 in BLOOMINGTON, IL 61702.

Detailed Results:

- **Delivered, May 16, 2011, 8:47 am, BLOOMINGTON, IL 61702**
- **Arrival at Post Office, May 16, 2011, 1:37 am, BLOOMINGTON, IL 61701**
- **Processed through Sort Facility, May 14, 2011, 5:38 pm, CHAMPAIGN, IL 61821**
- **Processed through Sort Facility, May 12, 2011, 1:29 am, BETHPAGE, NY 11714**
- **Processed through Sort Facility, May 11, 2011, 11:11 pm, BETHPAGE, NY 11714**
- **Acceptance, May 11, 2011, 3:40 pm, PORT WASHINGTON, NY 11050**

### Notification Options

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email.  ( Go >

**Track & Confirm**
Enter Label/Receipt Number.

( Go >

---

Site Map   Customer Service   Forms   Gov't Services   Careers   Privacy Policy   Terms of Use   Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.   No FEAR Act EEO Data   FOIA

# EXHIBIT "B"

DEPP555
PO BOX 4115
CONCORD CA  94524

May 23, 2011

ADDRESS SERVICE REQUESTED

#BWNFTZF #AFN728840931█████#

SUSAN RICE
███████████
PORT WASHINGTON NY 11050-2465

**afni.**
404 Brock Drive
PO Box 3427
Bloomington, IL  61702-3427

Afni. Inc. Account #:  0357162████

Original Creditor:  VERIZON INC
Creditor Account #:  ████████

Balance Due:          $44.69

The attached information has been provided by the original creditor as validation of the above account. Thank you for your attention in this matter.

If you have any questions, please contact our office toll free at (888) 804-2409 Monday through Friday 7am - 9pm CT. For proper credit on your account, please write this number 035716238-02 on your payment.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This letter is from a debt collector.

Sincerely,

Afni, Inc.

New York City Department of Consumer Affairs License Number #1072175

-------

Please return this portion with your payment
For proper credit please write 035716238-02 on your check.

Afni. Inc. Account #:   0357162████
Toll Free:              (888) 804-2409
Original Creditor:  VERIZON INC
Creditor Account #:  ████████

Balance Due:   $44.69

SUSAN RICE
███████████
PORT WASHINGTON NY 11050-2465

Please make checks payable to:

Afni. Inc.
404 Brock Dr.
PO Box 3427
Bloomington, IL  61702-3427

AFNBX-0521-155585601 42

## PRIVACY STATEMENT

Your account has been acquired by Afni, Inc. As required by federal law, Afni wants to inform you of how we will handle confidential information we obtain about you. The privacy policies and practices described in this notice will apply to current as well as former account holders.

### Information We Collect

Afni, Inc. may collect non public personal information about you from:
- The original creditor
- consumer reporting agencies; and
- other parties for the purposes of acquiring location information as provided for by the Fair Debt Collection Practices Act, 15 USC §1692 et seq.

### Information We Disclose

We do not disclose any nonpublic personal information about you to anyone, except as provided for by the Fair Debt Collection Practices Act, 15 USC §1692 et seq. and the Fair Credit Reporting Act, 15 USC §1681 et seq.

### Security

Afni, Inc. restricts access to nonpublic personal information about you to those employees who need to know that information to process this account. Afni, Inc. maintains physical, electronic and procedural safeguards that comply with federal regulations to guard your non public personal information.

Billing Date: 01/04/07   Page 1 of 3
Telephone Number: 718 ▓▓▓▓▓
Account: 718 ▓▓▓▓▓
How to Reach Us: See page 2

SUSAN RICE

## Account Summary

| | |
|---|---|
| Previous Charges | $168.85 |
| Payment Received Jan 3. Thank You. | -70.00 |
| Past Due Charges | $98.85 |
| **New Charges** | |
| Verizon (page 3) | $ -44.16 |
| Total New Charges | $ -44.16 |
| Total Due (Past Due + New) | $54.69 |

FINAL BILL

These monthly charges are for your service from January 04 to February 03.

Pending Legal Action ($50.00)   see page 2

Mail payments to:
Verizon, PO Box 15124, Albany NY 12212-5124

Change of address?
Go to verizon.com/billingaddress or see page 2.

▼ Detach & return payment slip with your check, payable to Verizon.

---

verizon

Account: 718 ▓▓▓▓▓

New Charges Due:  Upon Receipt

Total Due  $54.69                               010407

Amount Paid:                $ ☐☐.☐☐

SUSAN RICE                                    P61
▓▓▓▓▓
PRT WSHNGTN NY  11050-2456

VERIZON
PO BOX 15124
ALBANY NY 12212-5124

02007184449836▓▓▓▓▓    000000000009885000000054690 8

Billing Date: 01/04/07  Page 2 of 3
Telephone Number: 718...
Account: 718...
How to Reach Us: See below

### How to Reach Us

| | | | |
|---|---|---|---|
| Billing questions | verizon.com/onlinehelp | Call free in NY: 1 718 890-1550 | 8am - 6pm M-F |
| Payment arrangements | verizon.com/onlinehelp | Call free in NY: 1 718 890-2100 | 24 hour account information |
| Repair | verizon.com/repair | Call free in NY: 1 718 890-6611 | 24 hours a day |
| To order services | verizon.com/storefront | Call free in NY: 1 718 890-1550 | 8am - 6pm M-F |
| Are you moving? | verizon.com/movingcenter | Call free in NY: 1 718 890-1550 | 8am - 6pm M-F |
| Centro Hispano de Verizon | verizon.com/espanol | Llamada gratis en NY: 1 718 890-2005 | 8am - 6pm M-F |
| Preguntas de pagos | verizon.com/ | 1 800 281-6118 | disponible las 24 horas |
| Online billing & payment | verizon.com/billview | | 24 hours a day |
| Paper free billing | verizon.com/paperfreebilling | | 24 hours a day |
| Direct payment enrollment | verizon.com/billpay | 1 800 345-6563 | 24 hours a day |
| Customers with disabilities | verizon.com/disabilities | Call free in NY: 1 718 890-0550 v/tty | 8:30am - 5pm M-F |

### Important Consumer Information
For important consumer information see the Customer Guide in your Verizon white pages directory.

*$50.00 in unpaid service charges have been sent for collections.*
*This amount may have been referred to an outside collection agency.*
*To make payment arrangements call the number above.*

### For Your Information

**Returned Payments**
If your payment is returned for any reason, Verizon will resubmit it electronically. A charge may apply for each payment returned.

**Late Payment Charge**
The late payment charge is 1.5% of balance due. For balances over $5.00, the late payment charge is the greater of $5.00 or 1.5% per month. To avoid a late payment charge, payment for everything other than Basic Local Services and FIOS TV must be received by the due date for Total New Charges on page 1. Basic Local Services and FIOS TV charges are due within 60 days. Any Basic Local Services and FIOS TV balances over 60 days past due are subject to a late payment charge.

Billing Date: 01/04/07  Page 3 of 3
Telephone Number: 718
Account: 718
How to Reach Us: See page 2

**Final Charges**

Verizon Basic Local Services 11/29 to 1/18

1. Monthly Charge - Previously Billed ................................ $16.09 cr

2. Surcharges and Taxes ................................................... 16.50 cr
   FCC Line Charge        $10.62  cr    Federal USF Surcharge   $ .98   cr
   Federal Tax            $   .85  cr    Surcharge(s)            $1.60   cr
   NY State/Local Sales Tax $ 2.45  cr

   Total .......................................................................... $32.59 cr

Verizon Calls

3. Monthly Charge - Previously Billed ................................ $3.25 cr

4. Surcharges and Taxes ................................................... .49 cr
   Federal Tax            $ .01  cr    Surcharge(s)    $.19  cr
   NY State/Local Sales Tax $ .29  cr

   Total .......................................................................... $3.74 cr

Verizon Optional Services 11/29 to 1/18

5. Monthly Charge - Previously Billed ................................ $6.63 cr

6. Surcharges and Taxes ................................................... 1.20 cr
   Federal Tax            $ .21  cr    Surcharge(s)    $.40  cr
   NY State/Local Sales Tax $ .59  cr

   Total .......................................................................... $7.83 cr

**For Your Information**